# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR159 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVON McRAE, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Davon McRae's Motion to Reopen Detention Proceedings and Permit Temporary Release. (Doc. 28). For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On March 13, 2019, a Grand Jury indicted Defendant with one count of Felon in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of Misdemeanor Domestic Violence Conviction in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). (Doc. 1). On May 13, 2019, Defendant waived his right to a Detention Hearing, but reserved his right to seek bond should circumstances change. (Doc. 8).

On August 19, 2020, Defendant filed his Motion to Reopen. (Doc. 28). The Government opposed the Motion on September 11, 2020. (Doc. 29).

## II. LAW & ANALYSIS

Defendant argues that "[t]he current COVID-19 pandemic presents 'a change of circumstances' why [Defendant's] detention is no longer appropriate[.]"  (Doc. 28, PageID: 114). A district court *may* reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 Fed. App'x 598, 600 (6th Cir. Apr. 13, 2012) (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  *Id.*

Defendant's claim for relief is based on the COVID-19 pandemic, the presence of COVID at the detention facility, the unsafe conditions of facility, and his inability to follow the Centers for Disease Control and Prevention's guidelines.  In conclusory fashion, Defendant claims he "poses no risk of flight or danger to the community."  (Doc. 28, PageID: 114).  If released, Defendant asks to stay with his brother under electronic monitoring.  (*Id.* at PageID: 122).

The only changed circumstance that Defendant cites since his waiver of the Detention Hearing is COVID-19.  The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'"  *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same); *United States v.*

*Bothra*, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (non-precedntial) ("a generalized risk of contracting COVID-19 does not amount to a 'material change of circumstances' warranting a renewed evaluation of a prior detention order") (citations omitted).

The existence of COVID-19 in our country has no impact on Defendant's flight risk or danger to the community. Besides the conclusory statement mentioned above, Defendant does not address either his flight risk or his danger to the community. Defendant is currently facing charges stemming from the unlawful possession of a firearm. It appears Defendant has a penchant for firearms, as his criminal history reflects prior unlawful possession of firearms. Furthermore, the Government alleges Defendant committed the instant offense while under judicial supervision in Ohio. Defendant admits as much as he acknowledges the pending detainers with the Ohio Adult Parole Authority. (Doc. 28, PageID:114, footnote 1). Beyond the possession of weapons, Defendant has a criminal history of violence. Finally, Defendant's criminal history reflects his flight risk. The State of Ohio previously convicted Defendant for Escaping detention. He allegedly violated court supervision in the instant matter. And he has a host of prior minor convictions that reflect an overall disrespect for the law. These facts all demonstrate both Defendant's danger to the community and flight risk. The presence of COVID-19 does not change this finding.

Moreover, Defendant has not demonstrated any impact of COVID-19 on him beyond speculation. Rather, Defendant claims he is "at risk" because of the lack of adequate protections in place at the facility. (Doc. 28, PageID: 122). However, he does not claim any prior medical condition that increases his risk of severe complications should he contract the virus. To the contrary, he is relatively young (31 years old) and there is no evidence to demonstrate he is in poor health. Accordingly, the Court will not reopen the detention proceedings based on

Defendant's speculation, especially since he remains both a danger to the community and a flight risk.

Finally, Defendant requests temporary release under 18 U.S.C. § 3143(i).  A defendant bears the burden of establishing circumstances warranting a temporary release under § 3143(i).  *Bothra*, 2020 WL 2611545, at *2.  Any request under § 3143(i) must be "temporary" and have an end date in mind.  *Id.*  Moreover, "generalized fears of contracting COVID-19, without more, [do not] constitute a compelling reason."  *Id.*  Rather, courts must look at individualized circumstances, like a person's danger to the community or flight risk.  *Id.*  Here, Defendant does not propose a 'temporary release.'  And the Court has analyzed Defendant's individual circumstances as discussed above.  For those same reasons, the Court holds Defendant has not presented a compelling reason for temporary release under § 3143(i).

### III. CONCLUSION

Since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.  Moreover, Defendant has not demonstrated a compelling reason for temporary release.  For these reasons, Defendant's Motion (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 16, 2020**